IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH KENNETH EVANS, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-2155-M |
| | ) | |
| LUPE VALDEZ, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This case was initially filed as a habeas corpus action by Petitioner's next friend, Lewis Thompson Mohr, who also paid the requisite $5 filing fee.

Parties: At the time of filing this action, Petitioner was incarcerated at the Dallas County Jail.  He has since been released from custody, and is residing in Garland, Texas.  Respondent is Dallas County Sheriff Lupe Valdez.  No process has been issued in this case.

Findings and Conclusions:  On December 2, 2005, the Court advised Petitioner that his amended petition for writ of habeas corpus failed to comply with Rule 2(c), of the Rules Governing § 2254 Cases, which is applicable to the petition in this case although it was not brought under 28 U.S.C. § 2254.  See Rule 1(b).  The Court also advised Petitioner that this Court's records reflected that he had failed to pay a nine-year old fine of $5,000 imposed for his

abusive conduct in Evans v. State of Texas, 3:96cv1515-R (N.D. Tex. Sept. 20, 1996). The Court then ordered Petitioner within twenty days to file an amended habeas corpus petition, which alleges in summary form his ground(s) for relief and facts supporting each of the grounds for relief as set out in Rule 2(c), of the Rules Governing § 2254 Cases. The Court further ordered Petitioner to show cause why this case should not be dismissed for failing to pay the $5,000 monetary sanction imposed in No. 3:96cv1515-R. The order specifically notified Petitioner that his failure to comply with this order would result in a recommendation that the petition be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

As of the date of this recommendation, Petitioner has failed to comply with the December 2, 2005 order. The only filings submitted since that order include a blank motion for leave to proceed *in forma pauperis* and a notice of appeal from a November 14, 2005 order terminating Mohr's status as next friend status.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." Boudwin v. Graystone Ins. Co., Ltd., 756 F.2d 399, 401 (5th Cir. 1985) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to submit an amended habeas corpus petition in compliance with Rule 2(c), and to show cause with respect to his failure to pay the $5,000 monetary sanction. He has refused or declined to do so. Therefore, this action should be dismissed for want of prosecution.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Petitioner's blank motion for leave to proceed *in forma pauperis* (docket #11) be denied as moot, and that this action be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this recommendation will be mailed to Petitioner.

Signed this 13th day of January, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.